12(b) PROCEDURAL ORDER
JUDGE MITCHELL S. GOLDBERG
Updated: March 1, 2019

| Chambers | Deputy Clerk/Civil |
|---|---|
| United States District Court | Sharon Lippi |
| Eastern District Of Pennsylvania | (267) 299-7500 |
| United States Courthouse, Room 7614 | Courtroom Deputy/Criminal |
| 601 Market Street | Steve Sonnie |
| Philadelphia, PA 19106 | (267) 299-7509 |
| Tel: (267) 299-7500 | |

Unless otherwise ordered by the Court, the following procedures apply to 12(b) motions only:

A.  Pre-Motion To Dismiss Conference

In an effort to reduce the number of easily resolvable motions to dismiss, before bringing a <u>motion to dismiss</u>, <u>motion for a more definite statement</u>, <u>motion to remand</u>, <u>motion for change of venue</u>, and <u>motion for judgment on the pleadings</u>, a party must submit a letter, not to exceed <u>three</u> (3) single-spaced pages, requesting a pre-motion conference. The letter must set forth the basis for the anticipated motion and include citations to relevant authority. Within <u>five</u> (5) business days after receipt of this letter, all parties who will oppose the anticipated motion must submit a written response, not to exceed <u>three</u> (3) single-spaced pages. No party may submit a reply letter. Generally, affidavits and exhibits are not permitted. A proffer by the attorney, however, of the contents of any such affidavit(s) and/or exhibit(s) shall suffice.

The Court will attempt to resolve the dispute(s) at a pre-motion telephone conference. If the dispute cannot be resolved at the conference (or the Court determines that a conference would not be helpful), the moving party will file its motion. The Court hopes to use this procedure to advance the case efficiently and minimize the costs of litigation to the parties. In addition, compliance with this procedure shall not be deemed a waiver of any party's defenses as to insufficient service of process or lack of personal jurisdiction.

A party's submission of a pre-motion letter will toll that party's time to file its motion (or answer) through (i) the date of the pre-motion conference or (ii) the Court's decision not to conduct such a conference.

This letter exchange does not apply in cases in which either side is *pro se* or in bankruptcy or social security appeals.

The Court's Policies and Procedures should be followed for all other motions.

B.  Communications with Chambers

**All motion to dismiss conference letters shall be electronically filed via ECF (hard copies of letters are not necessary). Facsimile or e-mail submissions are not permitted.**

*This 12(b) Procedural Order applies to all cases filed subsequent to September 25, 2017.*